**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0834-22

PEP BOYS - MANNY, MOE
& JACK OF DELAWARE, INC.,

     Plaintiff-Respondent,

v.

THE CONLIN TRUST, THE
CONLIN FAMILY LIMITED
PARTNERSHIP, THE CONLIN
FAMILY TRUST, and GREAT
RAILING INC.,

     Defendants-Appellants.

_____

Argued November 14, 2023 – Decided March 14, 2024

Before Judges Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. C-000042-21.

Peter J. Bonfiglio, IV, argued the cause for appellants (Ward, Shindle & Hall, attorneys; Peter J. Bonfiglio, IV, of counsel and on the briefs).

Neal A. Thakkar argued the cause for respondent (Sweeney & Sheehan, PC, attorneys; Neal A. Thakkar, on the brief).

PER CURIAM

Defendants appeal the trial court's order denying their motion to vacate plaintiff Pep Boys' default judgment entered against them pursuant to Rule 4:50-1. Defendants argue the court committed error by finding they failed to show excusable neglect and a meritorious defense. We affirm for the following reasons.

We summarize the relevant facts and procedural history. The lawsuit which led to the entry of default judgment against defendants originates in a boundary dispute involving three contiguous tracts of land located in Williamstown, New Jersey. The tracts are: 1074 North Black Horse Pike (center tract); an adjacent tract to the northwest (NW tract); and an adjacent tract to the southeast (SE tract).

In 2006, co-defendant Great Railing leased both the NW and SE tracts for its business operations. In 2010, plaintiff began leasing the center tract. The lease terms included a provision stating plaintiff had leased an "entire building of approximately 7,200 square feet situated on a lot of 1.812 acres . . . as shown on the Survey/Exhibit A." Exhibit A to the lease was a map depicting the center

2

tract with a building in its southern half. In 2011, Great Railing allegedly entered into a verbal agreement with the owner of the center tract, which permitted Great Railing to use a portion of it as a storage yard despite plaintiff's lease of the site.

Between 2013 and 2019, the Conlin Family Limited Partnership (CLP) bought the NW tract, the Conlin Family Trust (CFT) bought the SE tract, and the Conlin Trust (CT) bought the center tract. The record shows that Mario Conlin was, at all relevant times, a key person in each of those business entities. He was a partner in CLP, and a trustee of both CFT and CT.

On October 21, 2021 plaintiff sued defendants, alleging Great Railing wrongfully encroached on plaintiffs' leased property by: storing materials; parking without permission; and improperly dropping off Great Railing shipments. Plaintiff's theories included breach of contract, trespass, nuisance, negligence, and intentional interference with contractual relations. Plaintiff sought to enjoin Great Railing from further encroachment on its leased property and sought damages. The record further shows Mario Conlin was, at all relevant times, a principal of Great Railing.

Plaintiff's complaint was personally served on each defendant on November 10, 2021. Brandy Conlin, Mario Conlin's spouse, accepted service at

the business address listed for CLP, CFT, and CP, which is also the residence of Mario and Brandy Conlin. Plaintiff served Great Railing at the company's office on the NW tract. The complaint was accepted by Dave Porter, who acknowledged that he was authorized to accept service on behalf of Great Railing. When defendants failed to answer, plaintiff entered default against each of them. Plaintiff next successfully moved for default judgment, and a proof hearing was conducted by the trial court on June 6, 2022. After, considering the proofs, the court awarded $54,237.91 in trespass damages, $54,237.91 in rent abatement for damages flowing from breach of contract, $110,000 in nuisance damages, $100,000 in intentional interference damages, $250,000 in punitive damages, reimbursement to plaintiff for the cost of erecting a barrier between the plaintiff's business and co-defendant Great Railing, and costs.

After the default judgment award was entered, defendants finally sprang into action. They moved to vacate the default judgment pursuant to Rule 4:50-1(a) in September 2022. The parties filed certifications and briefs, and after a hearing the court found, among other things: plaintiff properly served the Conlin entities, CLP, CFT, and CP, and that Brandy Conlin represented to the process server she was authorized to accept service on behalf of each of them; plaintiff properly served Great Railing; that Dave Porter was authorized to

4

accept service on behalf of Great Railing because he was performing service for the company; and finally, that defendants failed to show a substantial deviation from the proper service of process. Concluding that improper service was the sole theory offered to support defendants' excusable neglect argument, the trial court ended the analysis, finding defendants failed to make such a showing.

For the sake of completeness, the court considered defendants' meritorious defense argument that plaintiff's lease provided for plaintiff's use of the structure only, and not the center tract lot itself. The court reviewed the lease agreement and the property survey and summarily rejected that argument. Finding defendants failed to show excusable neglect or a meritorious defense, the trial court denied the motion to vacate default judgment. Defendants appealed.

While not articulated with specificity in their merits brief, we can assign defendants' contentions on appeal under Rule 4:50-1 to two of the rule's six categories of relief: excusable neglect under subsection (a); and void judgment for improper service under subsection (d). When applying the rule, a court's obligation is "to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." LVNV Funding, LLC v. Deangelo, 464 N.J. Super 103, 109 (App. Div. 2020) (quoting Manning Eng'g,

5

Inc. v. Hudson Cty. Park Comm'n., 74 N.J. 113, 1290 (1977)). Decisions whether to vacate a default judgment are left to the sound discretion of the trial court. "We review a motion under Rule 4:50-1 to vacate final judgment under an abuse of discretion standard." 257-261 20th Avenue Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023).

Defendants' arguments are meritless. Giving deference to the court's well-supported findings, ibid, we affirm for the reasons expressed in its statement of reasons. We conclude the trial court's denial of the motion is not unjust on this record. Deangelo, 464 N.J. Super at 109.

To the extent we have not addressed defendants' remaining arguments, we conclude they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0834-22